IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HENRY PULANCO                    :                    CIVIL ACTION

           v.                    :

RICHARD SOUTHERS, et al.        :                    NO. 12-566

### REPORT AND RECOMMENDATION

THOMAS J. RUETER                                      May 22, 2012
United States Magistrate Judge

        Presently before the court is a pro se petition for a writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254.  Petitioner is incarcerated in the State Correctional Institution in

Camp Hill, Pennsylvania.  For the reasons stated below, the court recommends that the petition

be dismissed as barred by the one-year statute of limitations.

I.       **BACKGROUND**

        At a bench trial commenced on July 30, 2004, before the Honorable Linda

Ludgate, in the Court of Common Pleas of Berks County, Pennsylvania, petitioner was found

guilty of possession with intent to deliver a controlled substance – heroin and cocaine, possession

of a controlled substance – heroin and cocaine, and possession of drug paraphernalia.  On August

16, 2004, the court sentenced petitioner to an aggregate term of imprisonment of ten to twenty

years.  (Response App'x at 9, 10, 23, 25.)  On February 3, 2006, the Superior Court of

Pennsylvania affirmed the judgment of sentence on direct appeal.  Commonwealth v. Pulanco,

No. 1447 MDA 2004 (Pa. Super. Ct. Feb. 3, 2006).  The Supreme Court of Pennsylvania denied

petitioner's request for review on July 26, 2006.  Commonwealth v. Pulanco, 903 A.2d 537,

Nos. 177 & 178 MAL 2006 (Pa. July 26, 2006) (Table).

On September 21, 2006, petitioner filed a pro se petition under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq. (Response App'x at 112.) Appointed counsel filed an amended petition. After a hearing on October 7, 2008, the PCRA court denied the petition on the merits on December 3, 2008. Commonwealth v. Pulanco, No. CP-06-5771-03 (C.P. Berks Dec. 3, 2008). On October 21, 2009, the Superior Court of Pennsylvania affirmed the PCRA court's denial of the PCRA petition. Commonwealth v. Pulanco, No. 2233 MDA 2008 (Pa. Super. Ct. Oct. 21, 2009) (Table). On March 30, 2010, the Supreme Court of Pennsylvania denied petitioner's request for relief. Commonwealth v. Pulanco, 992 A.2d 124, No. 867 MAL 2009 (Pa. Mar. 30, 2010) (Table).

On December 16, 2010, petitioner filed a second pro se PCRA petition. (Response App'x at 293.) This petition was dismissed as untimely on March 1, 2011. The Superior Court of Pennsylvania affirmed dismissal of the PCRA petition as untimely on October 24, 2011. Commonwealth v. Pulanco, No. 503 MDA 2011 (Pa. Super. Ct. Oct. 24, 2011) (Table). Petitioner did not seek review in the Supreme Court of Pennsylvania.

On February 2, 2012, petitioner filed the instant habeas petition along with a memorandum of law in support of his habeas petition (Doc. No. 1). Respondents filed a Response on May 10, 2012 (Doc. No. 8) arguing that the habeas petition should be dismissed as untimely.

## II.    DISCUSSION

A habeas petition must be filed in a timely manner. Title 28 U.S.C. § 2244(d), enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), creates a one-year time limit for filing a habeas corpus petition and in relevant part provides:

     (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

         (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

         (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

         (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

         (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

     (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  See Fahy v. Horn, 240 F.3d 239 (3d Cir.), cert. denied, 534 U.S. 944 (2001).

The court sentenced petitioner for his convictions on August 16, 2004.  The Superior Court of Pennsylvania affirmed the judgment of sentence on direct appeal on February 3, 2006, and the Supreme Court of Pennsylvania denied petitioner's request for review on July 26, 2006.  For the purposes of Section 2244(d)(1)(A), petitioner's conviction became final on October 24, 2006, when the time for seeking certiorari in the United States Supreme Court

expired.[1]  See Sup. Ct. R. 13; Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999) (a judgment does not become "final" until the time for seeking certiorari expires, even if defendant does not file such a petition).  Petitioner had one year from that date, until October 24, 2007, to file a timely habeas petition.  The instant petition was filed on February 2, 2012, more than four years after the AEDPA statute of limitations expired.  The instant petition must be dismissed unless the deadline was subject to statutory or equitable tolling.[2]

A.    **Statutory Tolling**

The one-year statute of limitations is tolled during the time petitioner had pending in the state courts a properly filed PCRA petition.  See 28 U.S.C. § 2244(d)(2) (providing that the time during which a "properly filed" petition for collateral relief is pending is not counted toward the one-year statute of limitations).  The AEDPA statute of limitations was tolled, therefore, from September 21, 2006 until March 30, 2010, while petitioner's first, timely PCRA petition was pending in the state courts.  Petitioner filed this first PCRA petition prior to the time petitioner's state conviction became final on October 24, 2006.  Hence, the AEDPA statute of limitations began to run on March 30, 2010, when the Supreme Court of Pennsylvania denied petitioner's request for review, and expired one year later on March 30, 2011.

---

[1]    None of the alternate start dates allowed in § 2244(d)(1) are applicable in the instant case.

[2]    Petitioner's failure to comply with the AEDPA statute of limitations is not excused by the prisoner "mailbox rule," which applies to all petitions filed by pro se inmates.  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court").  The petition is dated January 30, 2012.  Using this date for the purposes of § 2244(d)(1)(A), the petition remains untimely by more than four years.

Petitioner's second PCRA petition filed on December 15, 2010, does not toll the AEDPA statute of limitations because it was dismissed as untimely. An untimely PCRA petition is not "properly filed" within the meaning of the AEDPA statute of limitations, and thus, will not toll the AEDPA statute of limitations. Pace v. DiGuglielmo, 544 U.S. 408, 412-17 (2005). The law is clear that "[f]ederal courts must defer to the State courts when they specifically rule that a petition is untimely as a matter of State law." Melvin v. Commonwealth, 2011 WL 39050, at *1 n.2 (E.D. Pa. Jan. 4, 2011) (citing Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)).

The instant petition was filed on February 2, 2012, more than ten months after the AEDPA statute of limitations expired on March 30, 2011. Petitioner's habeas petition is untimely and should be dismissed, unless the principles of equitable tolling apply.

**B.**     **Equitable Tolling**

The Supreme Court of the United States has held that the federal habeas statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2554, 2562 (2010). Equitable tolling is allowed only if petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is 'reasonable diligence.'" Id. at 2565. The Supreme Court reaffirmed that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied." Id. at 2564.

Petitioner has not shown that the statute of limitations should be equitably tolled. Petitioner failed to show that he exercised reasonable diligence in pursuing his federal habeas claims. See Alicia v. Karestes, 389 F.App'x 118, 122 (3d Cir. 2010) ("The obligation to act

5

diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies, and the court may consider the time of filing the habeas petition as a factor in determining reasonable diligence.") (citation omitted) (not precedential).  Petitioner offers no explanation for the late filing of the instant habeas petition.  Nor has petitioner shown that extraordinary circumstances prevented him from filing a timely federal habeas petition.

Moreover, courts in the Third Circuit addressing habeas petitions have concluded that equitable tolling may be found when: (1) the state has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in a wrong forum.  Urcinoli v. Cathel, 546 F.3d 269, 272 (3d Cir. 2008); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  The Third Circuit emphasized that equitable tolling should be applied sparingly.  See Lacava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005); Schlueter v. Varner, 384 F.3d 69, 75-76 (3d Cir. 2004), cert. denied, 544 U.S. 1037 (2005).

Petitioner has not alleged that the Commonwealth of Pennsylvania misled him regarding the required date to file his federal habeas corpus petition.  As noted above, petitioner has not alleged nor proven that he has "in some extraordinary way" been prevented from asserting his rights.  This also is not a case where petitioner timely asserted his rights in the wrong forum.

In his habeas petition, petitioner asserts that he is actually innocent of the crimes of which he was convicted and points to his co-defendant's alleged attempts to inform the trial court of petitioner's non-involvement in the criminal activity.  See Petition ¶ 12; Pet'r's Mem. of Law at 2-5.  Assuming this pro se petitioner is asserting actual innocence as a ground for

equitable tolling, the Third Circuit Court of Appeals has "yet to hold that the AEDPA statute of limitations can be equitably tolled on the basis of actual innocence."  Horning v. Lavan, 197 F.App'x 90, 93 (3d Cir. 2006) (not precedential).  See Sistrunk v. Rozum, 674 F.3d 181, 184, 191-92 (3d Cir. 2012) (The court refused to decide whether a petitioner's actual innocence might permit equitable tolling because, even if it could, the petitioner in that case "does not meet the preliminary requirement of demonstrating his innocence.").  See also Teagle v. DiGuglielmo, 336 F.App'x 209, 212 (3d Cir. 2009) (not precedential) (same), cert. denied, 130 S. Ct. 1072 (2010); Ortiz v. Commonwealth of PA, 2011 WL 1399814, at *1 n.3 (E.D. Pa. Apr. 13, 2011) (same). However, "even assuming that this court were to permit equitable tolling of the AEDPA statute of limitations when a viable claim of actual innocence has been presented, [petitioner's] claim would nevertheless fail because he did not exercise reasonable diligence in pursuing his actual innocence claim."  Horning, 197 F.App'x at 94.  See also Rivera v. Supt. of SCI-Huntingdon, et al., 2010 WL 2690471, at *4 (E.D. Pa. Mar. 31, 2010) (same), R&R approved & adopted by, 2010 WL 2687473 (E.D. Pa. July 1, 2010).

Here, petitioner has failed to show that he exercised reasonable diligence in pursuing a habeas claim of actual innocence.  Petitioner admits that he knew at least since the time of the trial that his co-defendant asserted that petitioner was not involved in the crimes at issue.  See Petition ¶ 12.  See also Pet'r's Mem. of Law at 2 ("At the bench trial the co-defendant's counsel and the district attorney silenced his co-defendant, numerous times, when he tried to state that the Petitioner had nothing to do with this situation.").  Yet, petitioner did not file the instant habeas petition until more than ten months after the AEDPA statute of limitations expired.  Petitioner has failed to explain his lack of due diligence in pursuing his habeas claims.

7

Further, if a claim of actual innocence were a basis for equitable tolling, petitioner generally must offer "'new reliable evidence' establishing that 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'"  Teagle, 336 F.App'x at 213 (quoting Schlup v. Delo, 513 U.S. 298, 324, 327 (1995)).  The Supreme Court has affirmed that this standard "is demanding and permits review only in the extraordinary case." House v. Bell, 547 U.S. 518, 538 (2006) (quotation omitted).  See also Sweger v. Chesney, 294 F.3d 506, 523-24 (3d Cir. 2002) (describing the burden a petitioner must meet to establish actual innocence as "extremely high"), cert. denied, 538 U.S. 1002 (2003).

Petitioner has failed to meet this extremely high standard.  Petitioner does not offer "new reliable evidence."  As noted above, the evidence presented by petitioner, i.e. his co-defendant's statements that petitioner was not involved in the criminal activity, is not "new." Petitioner admits that he knew at the time of his trial that his co-defendant was asserting petitioner's innocence.  For all these reasons, the principles of equitable tolling do not toll the AEDPA statute of limitations with respect to the instant habeas petition.

III.   **CONCLUSION**

Accordingly, the court makes the following:

**R E C O M M E N D A T I O N**

AND NOW, this 22nd day of May, 2012, the court respectfully recommends that the petition for a writ of habeas corpus be **DISMISSED** as time-barred by the statute of limitations, and no certificate of appealability ("COA") be granted.[3]

---

[3]   The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further.  See Miller-El v.

The petitioner may file objections to the Report and Recommendation.  <u>See</u> Loc.

R. Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.


BY THE COURT:


 /s/  Thomas J. Rueter

THOMAS J. RUETER
United States Magistrate Judge

<u>Cockrell</u>, 537 U.S. 322, 336 (2003).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HENRY PULANCO                :                 CIVIL ACTION

            v.                  :

RICHARD SOUTHERS, et al.      :               NO. 12-566

## ORDER

       AND NOW, this       day of             , 2012, upon careful and

independent consideration of the pleadings and record herein, and after review of the Report and

Recommendation of Thomas J. Rueter, United States Magistrate Judge, it is hereby

**ORDERED**

1.      The Report and Recommendation is **APPROVED** and **ADOPTED**;

2.      The petition for a writ of habeas corpus is **DISMISSED**; and

3.      A certificate of appealability is <u>not</u> granted.

BY THE COURT:

_____
LEGROME D. DAVIS,    J.