IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY PULANCO | : | CIVIL ACTION |
|    Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD SOUTHERS, et al., | : | NO. 12-566 |
|    Defendants. | : | |

ORDER

AND NOW, this 11th day of September 2012, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter ("R&R") (Doc No. 10) and Petitioner's Objections to the Report and Recommendations (Doc. No. 11), it is hereby ORDERED as follows:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for a writ of habeas corpus is DENIED.

3. A certificate of appealability is not granted.

On February 2, 2012, Henry Pulanco ("petitioner") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Magistrate Judge Rueter recommends that the petition be dismissed as barred by the one-year statute of limitations. Magistrate Judge Rueter's analysis of petitioner's claims is both legally correct and supported by the factual record. As such, the Court will approve of and adopt the R&R with the following discussion.

1

Under AEDPA, a habeas petition must be filed no later than one year from the date on which the judgment became final. 28 U.S.C. § 2254(d)(1)(A). A judgment is final upon the "the conclusion of direct review or the expiration of the time for seeking such review." Id.

For purposes of the AEDPA statute of limitations, petitioner's conviction became final on October 24, 2006. Petitioner had one year from that date; i.e., October 24, 2007, to file a habeas petition. He did not file the instant petition until February 2, 2012. Magistrate Judge Rueter correctly concluded that the instant petition was not subject to statutory or equitable tolling. Therefore, the petition will be dismissed as untimely.

    A.    Statutory Tolling

Under 28 U.S.C. § 2254(d)(2), the one year statute of limitations is tolled when a State post-conviction proceeding is properly filed and pending in a State court. Here, the AEDPA statute of limitations was tolled from September 21, 2006 until March 30, 2010, while petitioner's first, timely petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541 et seq. (Response App'x at 112) was pending in the state courts. The AEDPA statute of limitations expired one year later on March 30, 2011.

Petitioner filed a second PCRA petition on December 16, 2010, which was dismissed as untimely. Commonwealth v. Pulanco, No. 503 MDA 2011 (Pa. Super. Ct. Oct. 24, 2011). An untimely PCRA petition is not "properly filed" within the meaning of the AEDPA statute of limitations, and thus does not toll the AEDPA statute of limitations. Pace v. DiGuglielmo, 544 U.S. 408, 412-17 (3d. Cir. 2005). The instant petition was filed on February 2, 2012, more than ten months after the AEDPA statute of limitations expired on March 30, 2011. Magistrate Judge

Rueter correctly concluded that the habeas petition deadline is untimely and not subject to statutory tolling.

      B.      <u>Equitable Tolling</u>

The AEDPA statute of limitations is subject to equitable tolling if petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." <u>Holland v. Florida</u>, 130 S. Ct. 2554, 2562 (2010) (quoting <u>Pace</u>, 544 U.S. at 418). Petitioner offers no explanation for the late filing of the instant habeas petition, nor alleges any extraordinary circumstance that prevented him from timely filing.

The Third Circuit also recognizes equitable tolling for habeas petitions where the state has actively misled the petitioner or the petitioner has timely asserted his rights but in a wrong forum. <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999). There is simply no claim by petitioner that the Commonwealth of Pennsylvania misled him or that he timely asserts his rights in the wrong forum.

In his objection, petitioner suggests that he is nonetheless entitled to equitable tolling based on actual innocence. Pet's Obj. at 1. The Third Circuit, however, has "yet to hold that the AEDPA statute of limitations can be equitably tolled based on the basis of actual innocence." <u>Horning v. Lavan</u>, 197 F.App'x 90, 93 (3d Cir. 2006) (not precedential). Moreover, despite petitioner's objections to the contrary, he has failed to show that he exercised reasonable diligence in pursuing a habeas claim of actual innocence. Thus, Magistrate Judge Rueter correctly noted that even if the court did permit equitable tolling on the basis of actual innocence, petitioner's claim would fail because he did not meet the "extremely high standard" of proving

actual innocence for AEDPA purposes. R&R at 8. For all these reasons, the principles of equitable tolling do not toll the AEDPA statute of limitations with respect to the instant habeas petition.

BY THE COURT:

 /s/ Legrome D. Davis

LEGROME D. DAVIS, J.